**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Edith Torres Moreno, | No. CV-25-00971-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Michelle Murphy, et al., | |
| Defendants. | |

*Pro se* Plaintiff Brenda Edith Torres Moreno ("Plaintiff") has filed a Complaint (Doc. 1), a Motion for Preliminary Injunction (Doc. 2), and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8). Upon review, Plaintiffs' Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiffs' Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2) and dismiss it with prejudice for the following reasons.

**I.   Background**

Plaintiff has filed a Complaint against Michelle Murphy, Deputy Senior Clerk of Pinal County Superior Court; Rebecca Padilla, Clerk of the Superior Court; and John/Jane Doe Court Officials (collectively, "Defendants"). (Doc. 1 at ¶¶ 7–9). The factual allegations in the Complaint are sparse, but center on the Pinal County Superior Court's refusal to allow Plaintiff to file certain documents. (*Id.* at ¶ 10). Plaintiff alleges that she attempted to file the following documents with the superior court on March 4, 2025:

- A Motion to Reopen Case.
- A Motion to Incorporate Claims and Correct Case Filings.
- A Motion to Terminate CPS Jurisdiction and Order Immediate Return of Her Children.
- A Notice of Posting Bond.
- A Bond.
- A Notice of Non-Consent and Demand for Cancellation of Contracts.
- A Motion to Change Terms of Contract with DES.

(*Id.*)  She claims that "[t]he Pinal County Superior Court Clerk refused to file these documents, stating that judicial review was required and that the case was 'sealed/restricted and adjudicated (closed).' " (*Id.* at ¶ 11). She also asserts that Defendants "are responding with misrepresentation of an existing material fact . . . . [t]o deprive a person of property (kids) or any interest, estate, or right by fraud, deceit, or artifice." (*Id.* at ¶ 14).  Yet, defendants have not responded to the Complaint in this matter.  Finally, she describes "Defendants' intentions to delay." (*Id.* at ¶ 15).

Plaintiff brings this action under 42 U.S.C. § 1983 for (1) violation of due process under the Fifth and Fourteenth amendments, (2) violation of her right to petition the government for redress of grievances under the First Amendment, and (3) denial of equal protection under the Fourteenth Amendment.  (Doc. 1 at ¶¶ 14–19).  She seeks an injunction ordering Defendants to file Plaintiff's motions with the superior court, a declaratory judgment that the state court's refusal was unconstitutional, and $2,000,000.00 in compensatory and punitive damages.  (Doc. 1 at 5).  She has also filed a Motion for Preliminary Injunction (Doc. 2) and an Application for Leave to Proceed In Forma Pauperis (Doc. 8).  The Court must begin by screening Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

## II.     Legal Standard

### A.     In Forma Pauperis Applications

Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss the case at any time if the court determines" that either "the allegation of poverty is untrue" or "the action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of Section 1915 discusses prisoners, "section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Concholakeland Homeowners Ass'n v. Cnty. of Apache*, 2024 WL 2319907, at *1 (D. Ariz. May 22, 2024) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is malicious if the plaintiff "filed with the intention or desire to harm another." *Id.* (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). "The phrase 'fails to state a claim on which relief may be granted' of Section 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Allen v. Biden*, 2021 WL 3472470, at *1 (D. Ariz. Aug. 6, 2021) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Rule 12(b)(6) and Section 1915(d) both support dismissal when an in forma pauperis complaint fails to state a claim or lacks an arguable basis in law. *Id.* (citing *Neitzke*, 490 U.S. at 328 (1989)).

### B.   The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts generally lack jurisdiction to review a final state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). This is because the United States Supreme Court is the only federal court with jurisdiction to hear direct appeals from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Therefore, if a party is disappointed with a state court judgment, that party may not appeal to federal district court, even if the issue would be otherwise within federal district court jurisdiction based upon a federal question or diversity of citizenship. *Id*. at 1155. The doctrine applies to both final state court judgments and interlocutory orders. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Id*. The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its

name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1148 (9th Cir. 2025) (*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

To determine whether *Rooker-Feldman* applies and a court lacks jurisdiction, courts first consider whether the action was essentially brought as an appeal from an adverse state-court decision. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Exxon Mobil*, 544 U.S. at 291. This is because the doctrine only applies when "the losing party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobil*, 544 U.S. at 291 (emphasis added). However, *Rooker-Feldman* also applies even where the parties do not directly contest the merits of a state court decision, as the doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes a *de facto* appeal where the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898.

*Rooker-Feldman* does not bar jurisdiction where the federal court plaintiff is simply complaining of a "legal injury caused by an adverse party"; it instead bars jurisdiction if the federal plaintiff is complaining of "a legal injury caused by a state court judgment." *Noel*, 341 F.3d at 1163. Thus, "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil*, 544 U.S. at 292 (rejecting application of *Rooker-Feldman* doctrine when state court action was resolved by jury verdict while related parallel federal court action was ongoing); *see also Noel*, 341 F.3d at 1159 ("The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system"). In

other words, if the state and federal actions are concurrent, and the federal action was not brought in response to an adverse state court decision, *Rooker-Feldman* does not apply. *See id.*

### III. Analysis

In her Complaint, Plaintiff alleges that Defendants refused to file her motions because "judicial review was required and the case was 'sealed/restricted and adjudicated (closed).' " (Doc. 1 at ¶ 11). Plaintiff seeks an injunction ordering Defendants to file her motions in the state court and to declare that Defendants' actions were unconstitutional. (*Id.*) She essentially asks the Court to reopen a closed case that the superior court has adjudicated. (Doc. 1 at 5). Her claims are therefore inextricably intertwined with the state court judgment because the Court "cannot grant the relief [she] seeks without 'undoing' the decision of the state court." *Bianchi*, 334 F.3d at 900. Thus, this amounts to a *de facto* appeal of the state court's termination of her case. *See Noel*, 341 F.3d at 1163 ("It is a forbidden *de facto* appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").[1]

The Complaint does not inform the Court what the state-court judgment was, only that the case was adjudicated and Plaintiff seeks to reopen it. (*See* Doc. 1). But since the action is a forbidden *de facto* appeal from an adverse state-court decision, the Court does not have subject matter jurisdiction here. *See Kleidman v. Cal. Ct. of Appeal for Second App. Dist.*, 2022 WL 1153932, at *1 (9th Cir. Apr. 19, 2022) (affirming dismissal of plaintiff's claims seeking to reopen or set aside rulings in California state courts because it was a *de facto* appeal from, and inextricably intertwined with, the state court judgments). The Court therefore must dismiss the action as frivolous because it lacks an arguable basis

---

[1] The Court notes that the fact Plaintiff seeks monetary damages does not impact the Court's decision as the *Rooker-Feldman* doctrine can bar a claim for monetary damages where the Plaintiff's claims are "contingent upon a finding that the state court decision was in error." *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012). Here, Plaintiff premises her entire Complaint on the state court's failure to reopen her case. (Doc. 1 at ¶¶ 10–19). Plaintiff's monetary damages are thus "contingent upon" the Court finding that the state-court decision was in error. *See Cooper*, 704 F.3d at 782.

- 5 -

in law. *See Neitzke*, 490 U.S. at 325.

Finally, allowing leave to amend would be futile because *Rooker-Feldman* bars this Court's review of Plaintiff's action. *See Obeng-Amponasah v. Naiman*, 677 F. App'x 425 (9th Cir. 2017) (affirming dismissal without leave to amend for claims under *Rooker-Feldman* doctrine as futile "because the jurisdictional defect could not be cured by amendment").

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** with prejudice and Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED** as moot. The Clerk of Court is directed to enter judgment accordingly and terminate this matter.

Dated this 28th day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge